UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN C. MARSHALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-740-TWP-DML |
| ) | |
| BRIAN SMITH, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on the Petition for Writ of Habeas Corpus (Dkt. 1) filed by Kevin C. Marshall ("Mr. Marshall") challenging a prison disciplinary proceeding identified as No. IYC 12-08-0093 in which he was found guilty of possession of a controlled substance. For the reasons explained in this Entry, Mr. Marshall's Petition must be **DENIED**.

## I. OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II.  THE DISCIPLINARY PROCEEDING

On August 10, 2012, Internal Affairs Investigator Stilwell wrote a Report of Conduct describing the events relating to Mr. Marshall being charged with a Class B offense #202, possession of a controlled substance. The Report of Conduct stated:

> On 8-9-12 at approx. 7:00 p.m. Offender Kevin Marshall 223718 was in possession of morphine and amphetamines that was disguised as a jaw breaker or candy. See investigation report for further [information].

(Dkt. 17 at 1.)  The report of investigation of incident ("investigation report"), which is a summary of the Internal Affairs information, stated:

> On 8-9-12 at approx. 7:00 p.m. Offender Kevin Marshall #223718 entered the chapel and was strip searched by Sgt. Kent at which time Marshall had a homemade candy jaw breaker in his right sock. Offender Marshall was interviewed on 8-10-12 and admitted that he had possession of the homemade substance on the voice recorded (sic). IA Puckett tested the substance at which it tested positive to be morphine and positive for amphetamines.

(Dkt. 17 at 2.)

On August 11, 2012, Mr. Marshall was advised of his rights, he pled not guilty, and he requested a lay advocate.  At this time Mr. Marshall was given the conduct report, the investigation report, and the screening report.  Mr. Marshall requested three witness statements from Offenders McCants, Larue, and McClure. Offenders McCants and McClure wrote character statements that Mr. Marshall did not do drugs.  Offender LaRue stated that to his knowledge the candy discovered was candy he made and that the candy is "made for (sic) 100% commissary candy nothing else added so there is no possible way there could be anything in one that I made." During the screening process Mr. Marshall also requested to see the "I.A. Report."

On August 14, 2012, a hearing officer conducted a prison disciplinary proceeding and found Mr. Marshall guilty of Class B offense #202, possession of a controlled substance.  The sanctions recommended and approved were an earned credit-time deprivation of 60 days and a

suspended credit class demotion from credit class I to credit class II. These sanctions were imposed due to the likelihood that they would have a corrective effect on Mr. Marshall's future behavior. In making this determination, the hearing officer considered the staff reports and Mr. Marshall's statement at the hearing which was "I have witness (sic) who made the candy. I want it tested on the outside. My laywer (sic) said I can. I don't do drugs."

Mr. Marshall appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### III. ANALYSIS

Mr. Marshall asserts the following claims: 1) he was not provided with test results in violation of Indiana Department of Correction ("IDOC") policy; 2) no photographic evidence was presented in lieu of actual evidence, in violation of IDOC policy; 3) the evidence was insufficient; and 4) the hearing officer was biased.

Mr. Marshall's first claim relies on an alleged failure to follow IDOC policy. Relief is not available in this action for a claim based on alleged violations of provisions of the Adult Disciplinary Procedures or state law. Habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). Therefore, Mr. Marshall's claim fails.

Mr. Marshall's next two claims are a challenge to the sufficiency of the evidence. The claim that the IDOC was required to provide him with a photograph is meritless because it again relies on IDOC policy.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Mr. Marshall argues that the evidence was insufficient because he believes there is no on-site test that could distinguish one opiate from another. "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 556. In this case, the Report of Conduct and staff reports provided sufficient evidence to support the charge. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Mr. Marshall's claims based on insufficiency of the evidence fail.

Mr. Marshall's final claim is that the hearing officer showed bias with her alleged statement that no amount of evidence or witnesses would influence her toward a finding of not guilty because the conduct report originated from internal affairs. Mr. Marshall argues that the

statement by offender Larue that he, Larue, had made the candy from commissary candy with nothing else added should have changed the hearing officer's mind. It is true that a prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d at 660, 667 (7th Cir. 2003). Mr. Marshall does not assert, however, that the hearing officer in this case had any disqualifying personal involvement in or knowledge of the circumstances involved in the conduct report. As noted above, the Court cannot reweigh the evidence. Therefore, this claim also fails.

## IV. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Marshall's Petition for Writ of Habeas Corpus (Dkt. 1) must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 01/08/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin C. Marshall, #223718
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, Indiana  46168

Stephanie Lynn Rothenberg
INDIANA ATTORNEY GENERAL'S OFFICE
stephanie.rothenberg@atg.in.gov

5